1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11   DIMITRIOS SIAFARIKAS, an          No.  2:20-cv-01784-JAM-AC
     individual,
12
              Plaintiff,
13                                      **ORDER GRANTING DEFENDANT'S**
          v.                            **MOTION FOR JUDGMENT ON THE**
14                                      **PLEADINGS**
     MERCEDES-BENZ USA, LLC, a
15   Delaware Limited Liability
     Company.
16
              Defendant.
17

18        On May 18, 2020, Dimitrios Siafarikas ("Plaintiff") filed

19   this lawsuit against Mercedes-Benz USA, LLC ("Defendant") in the

20   Sacramento County Superior Court.  See Not. of Removal ¶ 1, ECF

21   No. 1.  Defendant removed the case to federal court, invoking

22   this Court's diversity jurisdiction.  Id. ¶ 7.  Alleging the 2017

23   Mercedes-Benz C300C he purchased in January 2020 had various

24   defects, Plaintiff brings three claims against Defendant:

25   (1) breach of implied warranty of merchantability under the Song-

26   Beverly Warranty Act; (2) breach of express warranty under the

27   Song-Beverly Warranty Act; and (3) fraudulent inducement –

28   concealment.  See generally Compl., Ex. B to Not. of Removal, ECF

                                    1

1   No. 1-3.  The alleged defects include "air conditioning [with a]

2   strong bad smell, strong fuel odor, acceleration issues, radio

3   malfunction, inoperable window, and defective cargo net clip."

4   Id. ¶ 10.  For these defects, Plaintiff seeks monetary relief,

5   including punitive damages.  Id. at 10.

6       Before the Court is Defendant's motion for judgment on the

7   pleadings as to Plaintiff's fraudulent concealment claim and his

8   punitive damages claim.  See Mot. for J. on the Pleadings

9   ("Mot."), ECF No. 7.  Plaintiff filed an opposition.  See Opp'n,

10  ECF No. 9.  Defendant did not file a reply.  For the reasons set

11  forth below, the Court GRANTS Defendant's motion.[1]

12

13                        I.   OPINION

14      A.   Request for Judicial Notice

15      Defendant requests the Court take judicial notice of an

16  order from the District Court for the Central District of

17  California.  See Def.' RFJN, ECF No. 8.  A court may take

18  judicial notice of matters of court records in another case.

19  U.S. v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

20  Accordingly, Defendant's request is granted.  However, the Court

21  takes judicial notice only of the existence of this document and

22  declines to take judicial notice of its substance, including any

23  disputed or irrelevant facts therein.  See Lee v. City of Los

24  Angeles, 250 F.3d 668, 690 (9th Cir. 2001).

25  ///

26

27  ────────────────
    [1] This motion was determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28  scheduled for August 10, 2021.

                              2

1       B.    <u>Legal Standard</u>

2       A party may move for judgment on the pleadings "[a]fter the

3 pleadings are closed — but early enough not to delay trial."

4 Fed. R. Civ. P. 12(c).  "Rule 12(c) is 'functionally identical'

5 to Rule 12(b)(6) and . . . 'the same standard of review' applies

6 to motions brought under either rule."  <u>Cafasso, U.S. ex rel. v.</u>

7 <u>Gen. Dynamic C4 Sys., Inc.</u>, 637 F.3d 1047, 1054 n.4 (9th Cir.

8 2011).  Thus, in deciding whether to dismiss a claim the court

9 considers "whether the complaint's factual allegations, together

10 with all reasonable inferences, state a plausible claim for

11 relief."  <u>Id.</u> at 1054.

12       Additionally, the more stringent pleading requirements of

13 Federal Rule of Civil Procedure 9(b) apply to allegations of

14 fraud.  Fed. R. Civ. P. 9(b).  "In alleging fraud or mistake, a

15 party must state with particularity the circumstances

16 constituting fraud or mistake.  Malice, intent, knowledge, and

17 other conditions of a person's mind may be alleged generally."

18 <u>Id.</u>

19       C.    <u>Analysis</u>

20       Defendant's leading argument as to why Plaintiff's

21 fraudulent concealment claim should be dismissed is that

22 Plaintiff did not plead his fraudulent concealment claim with the

23 requisite particularity under Rule 9(b).  Mot. at 5-9.  As

24 Defendant summarizes: "Plaintiff's third cause of action consists

25 of nothing more than conclusory statements parroting the legal

26 elements of the claim, but not a single allegation is sufficient

27 to meet their burden to plead facts with particularity."  <u>Id.</u> at

28 3.  Plaintiff counters first that the sufficiency of his

1    fraudulent concealment claim must be measured against the

2    requirements of California law rather than Rule 9(b)'s pleading

3    standard.  See Opp'n at 2-3, 5-7.  Specifically, Plaintiff

4    contends that California law recognizes a distinction between

5    fraudulent concealment claims and generic fraud claims, and less

6    specificity in pleading is required for fraudulent concealment

7    claims.  Opp'n at 2.  The Ninth Circuit, however, has clearly

8    stated otherwise: "It is well-settled that the Federal Rules of

9    Civil Procedure apply in federal court, irrespective of the

10   source of the subject matter jurisdiction, and irrespective of

11   whether the substantive law at issue is state or federal.  While

12   a federal court will examine state law to determine whether the

13   elements of fraud have been pled sufficiently to state a cause of

14   action, the Rule 9(b) requirement that the circumstances of the

15   fraud must be stated with particularity is a federally imposed

16   rule."  Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir.

17   2009) (internal citations and quotation marks omitted).  Under

18   Kearns, Rule 9(b) clearly applies to Plaintiff's fraudulent

19   concealment claim.

20        "Rule 9(b) demands that the circumstances constituting the

21   alleged fraud 'be specific enough to give defendants notice of

22   the particular misconduct ... so they can defend against the

23   charge and not just deny that they have done anything wrong.'"

24   Kearns, 567 F.3d at 1124 (internal citations omitted).  As

25   explained below, Plaintiff's allegations in support of his

26   fraudulent concealment claim fall well short of what is required

27   under Rule 9(b).  See Compl. ¶¶ 4-6, 9-11, 36-38, 40-41; see also

28   Opp'n at 3-4 (referring the Court to these paragraphs).

The elements for a fraudulent concealment claim are: "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff; (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact; and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage.'" SCC Acquisitions, Inc. v. Cent. Pac. Bank, 207 Cal.App.4th 859, 864 (2012)(internal citations omitted). Reviewing the complaint, the Court finds no facts supporting any of these elements. See generally Compl. For example, Paragraph 36 states: "Prior to Plaintiff's purchase of the Subject Vehicle, Defendant was well-aware of the non-conformities and defects related to the air conditioning system. In particular, Defendant had knowledge that the air conditioning system contained a defect or defects which resulted in malodorous odors emanating from the air conditioning system. Despite this advance knowledge of which only defendant could know, Defendant still introduced the subject vehicle into the stream of commerce, which eventually led to Plaintiff purchasing the vehicle. Plaintiff had no way of knowing this information related to the air conditioning defect and [Defendant] and its authorized retailers and distributors of vehicles including the subject vehicle intentionally failed to disclose this information to Plaintiff." This paragraph, which exemplifies the rest of the complaint, is conclusory, unsupported with facts, and plainly insufficient. See Ashcroft v. Iqbal, 556

1 U.S. 662, 679 (2009).

2    Because Plaintiff's complaint contains nothing but bare
3 legal conclusions unsupported with facts, Plaintiff fails to
4 state a fraudulent concealment claim.  Accordingly, Plaintiff's
5 fraudulent concealment claim is dismissed.  Because the Court
6 dismisses on these grounds, the Court need not reach Defendant's
7 additional argument that even if Plaintiff had met the heightened
8 Rule 9(b) standard, his fraud claim is barred by the economic
9 loss rule.  See Mot. at 9-11.

10    Lastly, Defendant contends that if the Court dismisses
11 Plaintiff's fraudulent concealment claim, it must also dismiss
12 his punitive damages claim because the fraudulent concealment
13 claim is the only cause of action that can support a request for
14 punitive damages.  Mot. at 11.  That is, Plaintiff's remaining
15 claims under the Song-Beverly Act do not permit recovery of
16 punitive damages.  Id. (citing to Troensegaard v. Silvercrest
17 Industries, Inc., 175 Cal.App.3d 218, 228 (1985)).  In
18 opposition, Plaintiff does not address this argument.  See Opp'n
19 at 13-14.  Significantly, at no point does he contend that his
20 Song-Beverly claims can support such a request.  Id.
21 Accordingly, because the fraudulent concealment claim has been
22 dismissed, Plaintiff's punitive damages claim must also be
23 dismissed.

24    D.   Leave to Amend

25    Courts dismissing claims under Federal Rule of Civil
26 Procedure 12(b) have discretion to permit amendment, and there is
27 a strong presumption in favor of leave to amend.  Lopez v. Smith,
28 203 F.3d 1122, 1130 (9th Cir. 2000).  "A district court should

6

1  grant leave to amend even if no request to amend the pleading was
2  made, unless it determines that the pleading could not possibly
3  be cured by the allegation of other facts." Id. (internal
4  citation omitted).  Accordingly, the Court grants Plaintiff one
5  final opportunity to rectify the deficiencies identified above
6  and to file an amended complaint, if he so chooses.

7

8                          II.   ORDER

9       For the reasons set forth above, the Court GRANTS
10 Defendant's Motion for Judgment on the Pleadings.  If Plaintiff
11 elects to amend his complaint, he shall file a First Amended
12 Complaint within twenty days (20) of this order.  Defendant's
13 responsive pleading is due twenty days thereafter.
14      IT IS SO ORDERED.
15 Dated: September 10, 2021

16
17                                    _____
                                     JOHN A. MENDEZ,
18                                   UNITED STATES DISTRICT JUDGE
19
20
21
22
23
24
25
26
27
28