UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRIOS SIAFARIKAS, an individual, <br><br> Plaintiff, <br><br> v. <br><br> MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company, and Does 1 through 20, inclusive, <br><br> Defendants. | Case No. 2:20-cv-01784-JAM-AC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** |

Dimitrios Siafarikas ("Plaintiff") requests $32,240.00 in attorney's fees and costs resulting from the settlement of his claim against Mercedes-Benz USA, LLC ("Defendant") for violation of statutory obligations. Mot. for Attorney's Fees and Costs ("Mot."), ECF No. 32. Plaintiff seeks these attorney's fees and costs pursuant to Cal. Civ. Code § 1794(d) and Fed. R. Civ. P. 54(d)(1). Id. For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for September 27, 2022.

1

I. FACTUAL AND PROCEDURAL BACKGROUND

On May 18, 2020, Plaintiff sued Defendant under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, et seq., for defects that arose in his 2017 Mercedes-Benz C300C. See Exh. B to Notice of Removal, ECF No. 1. After nearly two years of litigation, the parties settled. See Notice of Settlement, ECF No. 28. The Court dismissed Plaintiff's claims with prejudice following the parties' joint stipulation for dismissal. See ECF No. 31. Plaintiff now moves for an award of attorney's fees and costs. See Mot. Defendant opposes this motion. See Opp'n, ECF No. 37. Plaintiff replied. See Reply, ECF No. 42.[2]

II. OPINION

A. Judicial Notice

The parties request that the Court take judicial notice of fee awards in other cases. Such records are judicially noticeable. See Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts."). Accordingly, the Court grants Defendant's and Plaintiff's requests for judicial notice. See Order on Motion for Attorney's Fees, Hanai v. Mercedes-Benz USA, LLC, Case No. 3:20-cv-06012-WHA (N.D. Cal. March 10, 2022), Exh. 1 to Def.'s Req. for Judicial Notice, ECF No. 38; see also Order on Motion for Attorney's Fees, Mary Quinonez v. FCA US LLC, Case No. 2:19-cv-02032-KJM-EFB (E.D. Cal. June 5, 2022), Exh. 1 to Pl.'s Req. for Judicial Notice, ECF

---

[2] Each party objects to evidence presented by the other in support of or in opposition to the pending motion. The Court has read and considered these boilerplate evidentiary objections and, to the extent that the Court considers any such evidence to which an objection has been made, those objections are overruled.

No. 43.

B. <u>Attorney's Fees</u>

    1. <u>Legal Standard</u>

District courts follow the forum state's law for awarding attorney's fees when exercising their diversity jurisdiction over state-law claims. <u>Close v. Sotheby's Inc.</u>, 909 F.3d 1204, 1208 (9th Cir. 2018). Federal Rule of Civil Procedure 54(d)(2) merely sets the procedure for claiming attorney's fees. <u>See</u> <u>MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.</u>, 197 F.3d 1276, 1281 (9th Cir. 1999). Thus, § 1794(d) of the Song-Beverly Act governs here. It provides that the prevailing party shall be allowed to recover attorney's fees "based on actual time expended, determined by the court to have been <u>reasonably incurred</u> by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d) (emphasis added).

As the prevailing party, Plaintiff bears the burden of demonstrating that the fees were: (1) allowable; (2) reasonably necessary to the conduct of the litigation; and (3) reasonable in amount. <u>Nightingale v. Hyundai Motor Am.</u>, 31 Cal. App. 4th 99, 104 (Ct. App. 1994) (internal citations omitted). The Court retains discretion to reduce the fee award where fees were not reasonably incurred. <u>See</u> <u>Ketchum v. Moses</u>, 24 Cal. App. 4th 1122, 1132 (Cal. 2001).

The "lodestar method" is the primary method for determining the reasonableness of an attorney's fee request under the Song-Beverly Act. <u>Id.</u> at 1135. Under the lodestar method, the Court multiplies "the number of hours reasonably expended" by "the reasonable hourly rate." <u>Ctr. for Biological Diversity v. Cty. of</u>

1  San Bernardino, 188 Cal. App. 4th 603, 616 (Ct. App. 2010), as
2  modified (Oct. 18, 2010).  The Court may then increase or decrease
3  the lodestar calculation amount based on factors such as "the
4  novelty and difficulty of the issues, the attorneys' skill in
5  presenting the issues, the extent to which the case precluded the
6  attorneys from accepting other work, and the contingent nature of
7  the work."  Id. at 772-73.  "The purpose of such adjustment is to
8  fix a fee at the fair market value for the particular action."
9  Ketchum, 24 Cal. App. 4th at 1132.  The party seeking attorney's
10 fees bears the burden of proving that its requested fees are
11 reasonable.  Ctr. for Biological Diversity, 188 Cal. App. 4th at
12 616.
13         2.   Analysis
14              a.   Hours Reasonably Expended
15     Plaintiff seeks $29,025.00 for 61.4 hours of work by two
16 attorneys.  Mot. at 14.  Attorney David Barry billed 45.5 hours of
17 work at a rate of $525 to $600 an hour.  Id.  Attorney Logan Pascal
18 billed 15.9 hours of work at a rate of $250 to $300 an hour.  Id.
19 Defendant argues that Plaintiff's claimed hours are excessive or
20 unreasonable.  Opp'n at 6-12.  The Court reviews Defendant's
21 arguments in turn.
22     Defendant objects to Plaintiff's inclusion of pre-litigation
23 time.  Opp'n at 9.  Upon review of the entries at issue, the Court
24 finds no basis to deduct these hours for pre-litigation work from
25 the requested fee, especially when Defendant provides no authority
26 supporting such a deduction.  See Activities Export at 2, Exh. 4 to
27 Decl. of David Barry, ECF No. 32-6; DCL Tech., Inc. v. Ford Motor
28 Co., No. 1:21-cv-00828-AWI-BAM, 2022 WL 2441572 (E.D. Cal. Jul. 5,

2022) (declining to deduct pre-litigation hour in the absence of supporting authority to do so).

Defendant next objects to Plaintiff's inclusion of time spent defending Plaintiff's fraud claim, because the fraud claim was ultimately dismissed before settlement. Opp'n at 12. When a party "prevailed on some claims but not others, the court must evaluate whether the successful and unsuccessful claims are distinctly different claims for relief that are based on different facts and legal theories or involve a common core of facts or [are] based on related legal theories." Herrington v. Cty. of Sonoma, 883 F.2d 739, 746 (9th Cir. 1989) (internal citations omitted). The Court finds that Plaintiff's fraud claim is based on the same core set of facts and related legal theories as Plaintiff's Song-Beverly Act claim. As such, a reduction in fees is not warranted. See Drouin v. Fleetwood Enterprises, 163 Cal.App.3d 486, 493 ("Attorneys' fees need not be apportioned between distinct causes of action where plaintiff's various claims involve a common core of facts or are based on related legal theories.").

Defendant also objects to Plaintiff's prospective inclusion of time spent on his motion for attorney's fees, arguing that "Plaintiff cannot claim fees for anticipated work." Opp'n at 12. The Court finds this argument meritorious. While Plaintiff may recover for actual time spent on a fee motion, Plaintiff may not recover for anticipated work that does not come to pass. As such, the Court strikes from the fee award the hours billed in anticipation of preparing for and attending a hearing on the fee motion. See, e.g., Johnson v. Yates, No. 2:14-cv-1189-TLN-EFB, 2017 WL 3438737, at *2 (E.D. Cal. Aug. 10, 2017) (striking hours

5

billed for a hearing that was not held). The Court reduces the hours billed by two.

Defendant objects to time spent on an email dated September 24, 2021, which Defendant claims was erroneously billed to Mr. Barry instead of Mr. Pascal. See Email dated September 24, 2021, Exh. H to Decl. of Mehgan Gallagher, ECF No. 37-10. Plaintiff does not respond to this specific objection. See Reply. Finding no contravening evidence that the email in question was written and sent by Mr. Barry, the Court consents to modify the fee award. Mr. Barry's hours will be reduced by .10 hours and Mr. Pascal's hours will be correspondingly increased.

The Court finds the rest of Plaintiff's counsels' time entries reasonable and not subject to reduction. Accordingly, the remainder of Defendant's specific objections to Plaintiff's counsel's time entries are denied. In total, the Court reduces Plaintiff's counsels' billing statement by 2 hours. The Court approves 43.4 hours of work spent by Mr. Barry and 16 hours of work spent by Mr. Pascal.

b. Reasonable Hourly Rate

To assist the Court in calculating the lodestar, the fee applicant must submit "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895-96 n.11 (1984). The relevant community is that in which the district court sits. See Schwarz v. Sec'y of Health and Human Serv., 73 F.3d 895, 906 (9th Cir. 1995).

Plaintiff's counsel submitted affidavits, records of rates

approved in other cases, and a consumer law fee report survey in support of their requested hourly rates.  See Decl. of David Barry, ECF No. 32-2; United States Consumer Law Fee Survey Report for 2017-2018, Exh. 6 to Decl. of David Barry, ECF No. 32-8 (reporting median rates for attorneys handling vehicle cases as $450, median rates for attorneys with 21-25 years of experience as $507, and median rates for attorneys with 1-3 years of experience as $286).

Based on the forgoing and the Court's own experience, the Court finds that an hourly rate of $500.00 is appropriate for Mr. Barry, who has practiced law for 21 years.  Decl. of David Barry ¶ 14; Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011) (permitting courts to draw on their own experiences to determine what constitutes a reasonable rate); DCL Tech., Inc. v. Ford Motor Co., No. 1:21-cv-00828-AWI-BAM, 2022 WL 2441572 (E.D. Cal. Jul. 5, 2022) (approving a rate of $500 for a senior attorney).

Further, the Court finds that an hourly rate of $250 is appropriate for Mr. Pascal, who has practiced law for three years. Decl. of Logan Pascal ¶ 4, ECF No. 32-9; Lowery v. Account Outsourcing Group, LLC, 2018 WL 3769430 at *2 (E.D. Cal. Aug. 9, 2018) (finding $250 was appropriate for a lawyer who had been "a consumer protection attorney" for three years).

Accordingly, the lodestar in this case is as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| David Barry | 43.4 | $500 | $21,700 |
| Logan Pascal | 16 | $250 | $4,000 |
| | | | $25,700 |

c. Multiplier Award

Although the lodestar may be adjusted in light of additional considerations, including the results obtained, neither party

7

requests a lodestar modifier. Opp'n at 17; Reply at 10; Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). Seeing as this case did not present any novel or difficult issues, the Court agrees that the lodestar value represents the fair market value of this particular action. See Ketchum, 24 Cal. App. 4th at 1132. Accordingly, the Court declines to impose a lodestar multiplier.

    C.    Costs

        1.    Legal Standard

Recovery of prevailing party costs in federal district court is generally considered a question of procedure governed by Federal Rule of Civil Procedure 54(d)(1), even in diversity cases. Champion Produce Inc., v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003). But the California Legislature has demonstrated a special interest in permitting prevailing Song-Beverly plaintiffs to recover costs and expenses under California Civil Code § 1794(d). Forouzan v. BMW of North America, LLC, 390 F.3d 1184, 1187 (C.D. Cal. 2019) (citing Clausen v. M/V NEW CARISSA, 339 F.3d 1049 (9th Cir. 2003)). Thus, the cost provision of the Song-Beverly Act, rather than Federal Rule of Civil Procedure 54(d)(1) applies here. Id.

Section 1794(d) of the Act defines the amount in costs and expenses that may be recovered as "a sum equal to the aggregate amount of costs and expenses . . . determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Recoverable under § 1794(d) are such costs and expenses as expert witness fees and filing fees. Jensen v. BMW of N. Am., Inc., 35 Cal. App. 4th 112, 138 (1995).

2.  <u>Analysis</u>

Plaintiff seeks $555.00 in costs for fees related to filing his complaint. <u>See</u> Pl.'s Bill of Costs, ECF No. 33; <u>see also</u> Reply at 8 (voluntarily withdrawing $660.00 in requested costs for vehicle inspections).

Of the requested costs, $120.00 is for "service of summon and subpoena." <u>See</u> Bill of Costs, ECF No. 33. However, in the documentation provided by Plaintiff in support of his Bill of Costs, $120 accounts for the total cost of effecting service for nine cases without distinguishing the portion of the cost attributable to the present case. <u>Id.</u> As such, the Court finds that Plaintiff shall only recover one-ninth of the documented fee: $13.33.

Finding the remaining fees reasonable, the Court awards a total of $448.33 in costs to Plaintiff.

### III.  ORDER

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Attorney's Fees and Costs. The Court awards Plaintiff $25,700.00 in attorney's fees and $448.33 in costs, for a total of $26,148.33.

IT IS SO ORDERED.

Dated: November 10, 2022

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE